IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY,<br><br>        Plaintiff,<br><br>  vs.<br><br>NUUANU BAPTIST CHURCH,<br><br>        Defendant. | Civ. No. 11-00480 BMK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment (Doc. 15.) The Court heard this Motion on April 11, 2012. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, State Farm's Motion is GRANTED.

FACTUAL BACKGROUND

I.       The Underlying Lawsuit

On March 17, 2010, Kenneth and Lynette Sunamoto ("the Sunamotos") filed suit against Defendant Nuuanu Baptist Church ("NBC") in state court. The Sunamotos and NBC are neighbors. (Underlying Complaint ¶ 6.) The

Sunamotos allege that their property includes a 30 foot wide driveway, "which is subject to a 'right of way for any and all purposes' running in favor of portions of land owned by [NBC]." (Id. ¶ 5.) The Sunamotos allege that NBC

> has unreasonably burdened the Right of Way by conduct including the following: 1) allowing parking on the Right of Way, 2) converting the Right of Way into a thoroughfare by actively diverting onto it an unreasonable amount of traffic, some not even church related, 3) using the Right of Way as a pick up and drop off spot for their church and preschool, 4) inviting or conducting multiple congregations at all times of the day and weekends, 5) and converting the Right of Way to an impermissible commercial, non-residential use.

(Id. at ¶ 11.) The Sunamotos pray for declaratory and injunctive relief, as well as for damages, fees, and costs.

II.  The Present Lawsuit

State Farm holds two insurance policies, under which NBC is the insured. NBC tendered the defense of the Underlying Lawsuit to State Farm. (Quinn Decl'n ¶ 7.) State Farm is defending NBC as to all claims in the Underlying Lawsuit, subject to a reservation of rights. (Id. ¶ 8.) In this federal suit, State Farm seeks a declaration that it owes no duty to defend or indemnify NBC for claims asserted by the Sunamotos in the Underlying Lawsuit.

The two policies issued by State Farm to NBC are (1) a Church Policy, No. 91-20-4751-8 as modified by Policy Endorsement FE-6656 and (2) a

Commercial Liability Umbrella Policy, No. 91-BD-7692-3 as modified by Policy Endorsement FE-8730. (Exs. A & B.) Both Policies provide coverage for "property damage" and "personal injury."

    A.    Property Damage

The Church Policy provides coverage for "sums the insured becomes legally obligated to pay as damages because of . . . property damage . . . to which this insurance applies." (Exhibit A at Coverage L - Business Liability.) Likewise, the Umbrella Policy provides coverage if the insured is "legally obligated to pay damages for . . . property damage . . . to which this insurance applies." (Ex. B at Coverage L - Business Liability.)

The Policies provide identical definitions of "property damage":

    a.    physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use will be considered to occur at the time of the physical injury that caused it; or

    b.    loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of use will be considered to occur at the time of the occurrence that caused it.

(Exhibit A at Definitions; Exhibit B at Definitions.)

B.  Personal Injury

The Church Policy provides coverage for "sums the insured becomes legally obligated to pay as damages because of . . . personal injury . . . to which this insurance applies." (Exhibit A at Coverage L - Business Liability.) Likewise, the Umbrella Policy provides coverage if the insured is "legally obligated to pay damages for . . . personal injury . . . to which this insurance applies." (Ex. B at Coverage L - Business Liability.)

The Policies provide identical definitions of "personal injury." The Church Policy as amended by Policy Endorsement FE-6656 and the Umbrella Policy as amended by Policy Endorsement FE-8730 define "personal injury" as an injury arising out of, among other things, "the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor."[1] (Ex. 1 attached to Decl'n of Wall dated 4/11/2012; Ex. B at Policy Endorsement FE-8730.) Importantly, the coverage for "personal injury" under the Umbrella Policy "does not apply . . . to personal injury unless the underlying

---

[1] The Policies provide additional conduct from which "personal injury" may arise, but the parties do not address those other portions of the definition of "personal injury."

4

insurance provides coverage for the loss." (Ex. B at Business Liability Exclusions.)

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

DISCUSSION

This is a diversity action. Federal courts sitting in diversity apply state substantive law and federal procedural law. State Farm Fire & Cas. Co. v. Vogelgesang, Civ. No. 10-00172 SOM-BMK, 2011 WL 2670078, at *4 (July 6, 2011). When interpreting a state law, a federal court is bound by the decisions of a state's highest court. Id.

I.      Interpretation of Insurance Contracts

Under Hawaii law, general rules of contract construction apply to the interpretation of insurance contracts. Dawes v. First Ins. Co. of Haw., 883 P.2d 38, 42 (Haw. 1994). Insurance policies must be read as a whole and construed in accordance with the plain meaning of their terms, unless it appears that a different meaning is intended. See id.; Haw. Rev. Stat. § 431:10–237 ("Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy.").

The Hawaii Supreme Court has recognized that, "because insurance policies are contracts of adhesion and are premised on standard forms prepared by the insurer's attorneys, we have long subscribed to the principle that they must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer." Dawes, 883 P.2d at 42 (brackets omitted). "Put another way,

the rule is that policies are to be construed in accord with the reasonable expectations of a layperson." Id.

The insurer owes the insured a duty to indemnify "for any loss or injury which comes within the coverage provisions of the policy, provided it is not removed from coverage by a policy exclusion." Dairy Road Partners v. Island Ins. Co., 992 P.2d 93, 108 (Haw. 2000) (citation omitted). The obligation to defend an insured is broader than the duty to indemnify. Sentinel Ins. Co. v. First Ins. Co. of Haw., Ltd., 875 P.2d 894, 904 (Haw. 1994). The duty to defend arises when there is "a mere potential for coverage." Id. (emphasis in original). However, when the pleadings fail to allege any basis for recovery under an insurance policy, the insurer has no duty to defend. Vogelgesang, 2011 WL 2670078, at *5. The burden is on the insured to establish coverage under an insurance policy. Id.

Hawaii adheres to the "complaint allegation rule." Burlington Ins. Co. v. Oceanic Design & Const., Inc., 383 F.3d 940, 944 (9th Cir. 2004). "The focus is on the alleged claims and facts." Id. The duty to defend "is limited to situations where the pleadings have alleged claims for relief which fall within the terms for coverage of the insurance contract." Id. "Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend." Id.

In this case, the parties dispute whether the Church and Umbrella Policies provide coverage for the Sunamotos' claims as either "property damage" or "personal injury" under the Policies.

II. Property Damage

State Farm contends that the Sunamotos' claims are not covered under either Policy as "property damage" because "none of the [underlying] claims involve <u>physical injury to tangible property</u>." (Motion at 19 (emphasis in original).) NBC addresses "property damage" in a footnote, arguing that the Sunamotos' claims "are ambiguous as to whether the Sunamotos assert that there has been 'physical injury to or destruction of tangible property.'" (Opp. at 13 n.3.)

Construing the definitions of "property damage" in accordance with their plain meaning, the Policies clearly require "physical injury to or destruction of tangible property." See <u>Dawes</u>, 883 P.2d at 42. (Exhibit A at Definitions; Exhibit B at Definitions.) However, nowhere in the Underlying Complaint do the Sunamotos allege that they suffered "physical injury to or destruction of tangible property." (Ex. C.) Rather, the Sunamotos claim that NBC burdened the Right of Way by

> 1) allowing parking on the Right of Way, 2) converting the Right of Way into a thoroughfare by actively diverting onto it an unreasonable amount of traffic, some not even church related, 3) using the Right of Way as a

8

> pick up and drop off spot for their church and preschool, 4) inviting or conducting multiple congregations at all times of the day and weekends, 5) and converting the Right of Way to an impermissible commercial, non-residential use.

(Underlying Complaint at ¶ 11.)

The foregoing allegations are clear and not ambiguous. The Sunamotos' claims do not allege "physical injury to or destruction of tangible property" and, therefore, the Underlying Complaint does not present a claim for "property damage" as defined under the Policies. (Exhibit A at Definitions; Exhibit B at Definitions.) Accordingly, because the Sunamotos do not "allege any basis for recovery under the [Church or Umbrella Policies], [State Farm] has no duty to defend" for "property damage." Vogelgesang, 2011 WL 2670078, at *5; Burlington Ins. Co., 383 F.3d at 944 ("Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend."). Further, because the Sunamotos' allegations do not fall within the coverage provisions for "property damage" under the Policies, State Farm does not owe NBC a duty to indemnify for "property damage." Dairy Road Partners, 992 P.2d at 108.[2]

---

[2] In light of the Court's determination that the Sunamotos' claims are not covered as "property damage" under the plain language of the Policies, the Court need not and does not address whether any "property damage" was caused by an "occurrence." (Ex. A at Coverage L - Business Liability; Ex. B at Coverage L - Business Liability.)

III.	Personal Injury

State Farm argues that it owes no duty to defend or indemnify the Sunamotos' claims, as they do not qualify as "personal injury" under the Policies because the Underlying Complaint does "not allege that NBC was the owner, landlord or lessor of the Sunamotos' property." (Reply at 8.) NBC responds that the Sunamotos' "allegations of enlargement" are ambiguous and may fall within the definition of "personal injury." (Opp. at 12.) NBC alternatively contends that there is a nationwide dispute "as to whether a claim for 'personal injury' coverage . . . requires a physical interference with the possessory interest or right to occupy real property or if it can simply arise from a claim for interference with the use or quiet enjoyment of real property." (Opp. at 13-14.) Further, NBC argues that "the term 'invasion of the right of private occupancy' contained in personal injury coverage sections of comprehensive general liability insurance policies are ambiguous." (Opp. at 14-15.)

Construing the definitions of "personal injury" in accordance with their plain meaning, the Policies clearly require that the wrongful conduct be "committed by or on behalf of its owner, landlord or lessor." See Dawes, 883 P.2d at 42. (Ex. 1 attached to Decl'n of Wall dated 4/11/2012; Ex. B at Policy Endorsement FE-8730.) Although the Sunamotos allege that NBC "unreasonably

10

burdened the Right of Way," it is undisputed that NBC is not the "owner, landlord or lessor" of the driveway that is subject to the Right of Way. (Underlying Complaint at ¶ 12.) Rather, the Sunamotos own the driveway, and the Underlying Complaint alleges no wrongful conduct on their part. Consequently, under the plain meaning of the language of the Policies, none of the allegations concerning NBC's conduct are covered as "personal injury." Accordingly, because the Sunamotos do not allege any basis for recovery under the Church or Umbrella Policies for "personal injury," State Farm has no duty to defend or indemnify NBC for such claims.[3] Burlington Ins. Co., 383 F.3d at 944; Vogelgesang, 2011 WL 2670078, at *5; Dairy Road Partners, 992 P.2d at 108.

## CONCLUSION

For the foregoing reasons, the Court GRANTS State Farm's Motion for Summary Judgment. State Farm owes no duty to defend or indemnify NBC in the Underlying Lawsuit. The Clerk of Court is DIRECTED to enter Judgment in State Farm's favor and against NBC.

---

[3] In light of this Court's conclusion that NBC's alleged conduct does not fall within the Policies' definition of "personal injury" because NBC is not the "owner, landlord or lessor" of the property, this Court need not address NBC's arguments that (1) the Sunamotos' "allegations of enlargement" are ambiguous or (2) various phrases within the definition are disputed nationally or ambiguous. Further, the Court need not address State Farm's argument that the Contract Exclusion applies.

DATED: Honolulu, Hawaii, April 30, 2012.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 30, 2012

State Farm Fire & Casualty Co. v. Nuuanu Baptist Church, Civ. No. 11-00480 BMK; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.